Eugene **KLINE**, et al., Plaintiffs,

v.

**MORTGAGE ELECTRONIC SECURITY SYSTEMS,** et al., Defendants.

**Case No. 3:08cv408.**

United States District Court, S.D. Ohio, Western Division.

Sept. 21, 2009.

Jeffrey Michael Silverstein, Jeffrey M. Silverstein & Associates, Dayton, OH, Paul Grobman, New York, NY, for Plaintiffs.

Kristopher Issac Devyver, Natalie C. Metropulos, Perry A. Napolitano, Reed Smith LLP, Pittsburg, PA, Barbara Friedman Yaksic, Richard A. Freshwater, McGlinchey Stafford PLLC, Timothy T. Brick, Lori E. Brown, Gallagher Sharp, Cleveland, OH, Scott Allen King, Chad Burton, Thompson Hine, Dayton, OH, Reuel D. Ash, Ulmer & Berne LLP, Christopher Markus, Rick David Deblasis, Lerner, Sampson & Rothfuss, Cincinnati, OH, Russell J. Pope, Towson, MA, Erik J. Wineland, Gallagher Sharp, Toledo, OH, John W. Becker, Akron, OH, Michael R. Traven, Roetzel & Andress LPA, Nelson Marlin Reid, Bricker & Eckler, Columbus, OH, Danielle J. Szukala, Leann Pederson Pope, Burke Warren MacKay & Serritella PC, Chicago, IL, for Defendants.

DECISION AND ENTRY SUSTAINING IN PART AND OVERRULING IN PART PLAINTIFFS' OBJECTIONS (DOC. #110) TO REPORT AND RECOMMENDATIONS OF THE UNITED STATES MAGISTRATE JUDGE (DOC. #106); REPORT AND RECOMMENDATIONS ADOPTED IN PART, AS SUPPLEMENTED HEREIN BY THE COURT'S REASONING AND CITATIONS TO AUTHORITY, AND REJECTED IN PART; MOTION TO DISMISS FILED BY DEFENDANT LERNER, SAMPSON & ROTHFUSS (DOC. #18) SUSTAINED IN PART AND OVERRULED IN PART

WALTER HERBERT RICE, District Judge.

In this putative class action, the Plaintiffs set forth claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692a *et seq.;* the Truth in Lend-

ing Act ("TILA"), 15 U.S.C. § § 1601 *et seq.;* and the Ohio Consumer Sales Practices Act ("OCSPA"), Ohio Revised Code § 1345.01 *et seq.;* as well as for breach of contract and unjust enrichment under the common law of Ohio. *See* Doc. # 1 at ¶ 2. In their Complaint, the Plaintiffs have named eleven Defendants, including Defendant Lerner, Sampson and Rothfuss ("LS & R"). LS & R has filed a motion, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, requesting that this Court dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted. *See* Doc. # 18. This Court referred that motion to United States Magistrate Judge Sharon Ovington for a report and recommendations. Judge Ovington has submitted such a judicial filing, recommending that this Court sustain LS & R's motion. *See* Doc. # 106. The Plaintiffs have submitted Objections (Doc. # 110) thereto, which the Court now rules upon. The Court begins by setting forth the standard by which it reviews Judge Ovington's Report and Recommendations (Doc. # 106), as well as a brief summary of the procedural standards which must be applied whenever a court rules on a motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure, seeking dismissal for failure to state a claim upon which relief can be granted.

■ Under 28 U.S.C. § 636(b)(1)(A), a District Court may refer to a Magistrate Judge "any pretrial matter pending before the court," with certain listed exceptions. Motions to dismiss are among the listed exceptions. Section 636(b)(1)(B) authorizes District Courts to refer "any motion excepted from subparagraph (A)" to a Magistrate Judge for "proposed findings of fact and recommendations." When a District Court refers a matter to a Magistrate Judge under § 636(b)(1)(B), it must conduct a *de novo* review of that judicial

officer's recommendations. *See United States v. Raddatz,* 447 U.S. 667, 673–74, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980); *United States v. Curtis,* 237 F.3d 598, 603 (6th Cir.2001).

■ In *Prater v. City of Burnside, Ky.,* 289 F.3d 417 (6th Cir.2002), the Sixth Circuit reiterated the fundamental principles which govern the ruling on a motion to dismiss under Rule 12(b)(6):

The district court's dismissal of a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is also reviewed de novo. *Jackson v. City of Columbus,* 194 F.3d 737, 745 (6th Cir. 1999), *overruled on other grounds by Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002). When deciding whether to dismiss a claim under Rule 12(b)(6), "[t]he court must construe the complaint in a light most favorable to the plaintiff, and accept all of [the] factual allegations as true." *Id.* (citation omitted).

*Id.* at 424. In *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002), the Supreme Court noted that Rule 8(a)(2) of the Federal Rules of Civil Procedure merely requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* at 512, 122 S.Ct. 992. Therein, the Court explained further:

Such a statement must simply "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims. See *id.,* at 47–48, 78 S.Ct. 99; *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit,* 507 U.S. 163,

168–169, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993). "The provisions for discovery are so flexible and the provisions for pretrial procedure and summary judgment so effective, that attempted surprise in federal practice is aborted very easily, synthetic issues detected, and the gravamen of the dispute brought frankly into the open for the inspection of the court." 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1202, p. 76 (2d ed.1990).

*Id.* at 512–13, 122 S.Ct. 992. In *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), the Supreme Court rejected the standard established in *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), that a claim should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 550 U.S. at 546, 127 S.Ct. 1955. The Supreme Court recently expounded upon *Twombly* in *Ashcroft v. Iqbal,* —— U.S. ——, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), writing:

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in *Twombly,* 550 U.S. 544, 127 S.Ct. 1955, the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the–defendant–unlawfully–harmed–me accusation. *Id.,* at 555, 127 S.Ct. 1955 (citing *Papasan v. Allain,* 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." 550 U.S., at 555, 127 S.Ct. 1955. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further

factual enhancement." *Id.,* at 557, 127 S.Ct. 1955.

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.,* at 570, 127 S.Ct. 1955. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.,* at 556, 127 S.Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.,* at 557, 127 S.Ct. 1955 (brackets omitted).

> Two working principles underlie our decision in *Twombly.* First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.,* at 555, 127 S.Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted)). Rule 8 marks a notable and generous departure from the hyper–technical, code–pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.,* at 556, 127 S.Ct. 1955. Determining whether a complaint states a plausible claim for

relief will, as the Court of Appeals observed, be a context–specific task that requires the reviewing court to draw on its judicial experience and common sense. [*Iqbal v. Hasty*], 490 F.3d [143] at 157–158 [ (2d Cir.2007) ]. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

*Id.* at 1949–50.

In their Complaint, the Plaintiffs allege Plaintiff Eugene Kline ("Kline") had a mortgage on his property with Defendant Mortgage Electronic Registration Systems ("MERS"), as nominee for Defendants HomEq Servicing Corporation ("HomEq") and WMC Mortgage ("WMC"). Doc. # 1 at ¶ 64. According to Plaintiffs, LS & R violated the FDCPA and the OCSPA, by providing to Kline's counsel in a foreclosure action a payout statement of what Kline owed on that mortgage, which included the recovery of attorney's fees incurred in the foreclosure proceeding and service costs, neither of which could lawfully be recovered. *Id.* at ¶¶ 65–77. Plaintiffs also allege that LS & R violated those statutes in numerous ways during a foreclosure proceeding against Plaintiff Jon Shayne Jones ("Jones"). *Id.* at ¶¶ 78–106. Of particular present importance, Plaintiffs allege that LS & R violated the FDCPA by filing a proof of claim in Jones' bankruptcy proceeding, which made a claim for fees which could not be lawfully recovered. *Id.* at ¶¶ 100–06. In addition, Plaintiffs contend that LS & R violated those statutes, when it filed a claim for attorney's fees in the bankruptcy proceedings of Plaintiff Diana Hughes ("Hughes"), since

Ohio law prohibits the recovery of attorney's fees in accordance with a fee-shifting provision in a mortgage. *Id.* at ¶¶ 107–13. Plaintiffs allege in their Complaint that LS & R violated the rights of Plaintiffs George and Carol Ross ("Rosses"), under the FDCPA, by filing a proof of claim which sought fees which could not be lawfully recovered and by continuing to seek to recover those fees outside of the bankruptcy proceedings. *Id.* at ¶¶ 114–25.[1]

In its Motion to Dismiss (Doc. # 18), LS & R argued that the FDCPA claims of Jones, Hughes and the Rosses must be dismissed, because those claims are based on conduct governed or remedied by the Bankruptcy Code, given that those claims arise out of proofs of claim filed in bankruptcy proceedings. Doc. # 18 at 11–12. In other words, without expressly so stating, LS & R contended that Jones', Hughes' and the Rosses' claims under the FDCPA were invalid, because the Bankruptcy Code impliedly repealed the former statute, in cases where the plaintiff's claims under the FDCPA arose out of actions that occurred during a bankruptcy proceeding. Additionally, LS & R asserted that the Court must dismiss the FDCPA claims of Hughes and the Rosses, because they are barred by the applicable one-year statute of limitations contained in 15 U.S.C. § 1692k(d). *Id.* at 12–13. LS & R also contended that Kline has failed to state a claim under the FDCPA, because that claim is predicated upon letters which LS & R sent to Kline's attorney, rather than to Kline himself. *Id.* at 13–15. In addition, LS & R argued that Plaintiffs' claims under the OCSPA must be dismissed, because they do not allege that it is a "supplier" under that statute, a necessary predicate for the imposition of liabili-

---

1. The Plaintiffs have also set forth claims of breach of contract and unjust enrichment against LS & R, without identifying the contract or contracts it is alleged to have breached or explaining how Plaintiffs unjustly enriched LS & R. *See* Doc. # 1 at 25–26.

ty on it. *Id.* at 15. That Defendant also asserted that Plaintiffs' class action allegations under the state statute must be dismissed, because they have failed to allege that there is a substantial similarity between its alleged violation of the OCSPA and conduct declared to violate that statute by a decision from an Ohio court or an opinion by the Ohio Attorney General. *Id.* at 15–16. Additionally, LS & R argued that the Plaintiffs have failed to state claims of unjust enrichment and breach of contract. *Id.* at 16–17. Finally, LS & R asserted that the doctrine of absolute attorney immunity serves as a further bar to Plaintiffs' claims to the extent they predicated upon proofs of claim filed in bankruptcy proceedings. In their Memorandum in Opposition (Doc. # 77), the Plaintiffs disagreed with each of the arguments propounded by LS & R, except for its assertion that Plaintiffs failed to state a claim of breach of contract.

In her Report and Recommendations, Judge Ovington agreed with LS & R that the claims of Jones, Hughes and the Rosses under the FDCPA must be dismissed, given that those claims arise out of proofs of claim filed in bankruptcy proceedings. *See* Doc. # 106 at 8–11. That judicial officer also agreed with LS & R that Kline's claim under the FDCPA must be dismissed, because it is based on correspondence between the Defendant and his counsel, and that their breach of contract claim must be dismissed for failure to state a claim upon which relief can be granted. *Id.* at 12–14.[2]

 Kline, Jones and the Rosses have objected to the Report and Recommendations of the Magistrate Judge. *See* Doc.

# 110. Given that Hughes did not file an objection to that judicial filing, the Court deems her claims to be withdrawn and dismisses them with prejudice. In their Objections, Kline, Jones and the Rosses focus exclusively upon the recommendations of the Magistrate Judge pertaining to their claims under the FDCPA, without addressing their breach of contract claims. Having conducted a *de novo* review of the Plaintiffs' Complaint (Doc. # 1) and the parties' papers, this Court concurs with the Magistrate Judge that no Plaintiff has stated a claim for relief for breach of contract. For instance, none has identified the contract he or they had with LS & R, which the latter breached. Moreover, since the Plaintiffs failed to argue that their breach of contract claims should not be dismissed, the Court will not afford them the opportunity to amend in an effort to state such claims for relief, and the Court's dismissal is with prejudice. The Court now turns to the specific objections of Kline, Jones and the Rosses, discussing Kline's before turning to those of the Rosses and Jones, which will be discussed together.

*1. Kline*

 In their Complaint, Plaintiffs have identified two communications from LS & R which are alleged to have violated Kline's rights under the FDCPA, to wit: letters under date of November 14, 2007 and February 19, 2008. *See* Doc. # 1 at ¶¶ 66, 69 and 73. LS & R has attached copies of those letters to its Motion to Dismiss (Doc. # 18). Each of those letters was addressed to Kenneth Wegner, an attorney who was representing Kline when the letters were sent. The Magis-

---

**2.** Judge Ovington found it unnecessary to address LS & R's argument concerning the statute of limitations, given that her conclusion that their claims predicated upon proofs of claim must otherwise be dismissed, and rec-

ommended that this Court decline to continue to exercise supplemental jurisdiction over the Plaintiffs' claims under the OCSPA and for unjust enrichment. Doc. # 106 at 11–12 and 14–15.

trate Judge recommended that this Court dismiss Kline's claim under the FDCPA, concluding that a debt collector does not violate the FDCPA, by sending correspondence to a debtor's attorney. In reaching her conclusion in that regard, Judge Ovington relied upon the decision of the Ninth Circuit in *Guerrero v. RJM Acquisitions LLC,* 499 F.3d 926 (9th Cir.2007), wherein the court held that a communication directed solely at a debtor's attorney is not actionable under the FDCPA. *Id.* at 934. The *Guerrero* court explained its conclusion in that regard:

> A consumer and his attorney are not one and the same for purposes of the Act. They are legally distinct entities, and the Act consequently treats them as such. For example, a debt collector who knows that a consumer has retained counsel regarding the subject debt may contact counsel, but may not generally contact the consumer directly, unless the attorney gives his consent. *See* 15 U.S.C. § 1692c(a)(2). Subject to certain exceptions, a debt collector may not communicate in connection with a debt with "any person other than *the consumer, his attorney,* a consumer reporting agency ..., the creditor, the attorney of the creditor, or the attorney of the debt collector." 15 U.S.C. § 1692c(b) (emphasis added). And "consumer" is defined broadly in § 1692c to include "the consumer's spouse, parent (if the consumer is a minor), guardian, executor, or administrator." 15 U.S.C. § 1692c(d). Notably absent from this list of relatives and fiduciaries sharing in common the identity of "consumer" is a consumer's attorney.
>
> The statute as a whole thus suggests a congressional understanding that, when it comes to debt collection matters, lawyers and their debtor clients will be treated differently. *See U.S. Nat'l Bank of Or. v. Indep. Ins. Agents of*

*Am., Inc.,* 508 U.S. 439, 455, 113 S.Ct. 2173, 124 L.Ed.2d 402 (1993) ("In expounding a statute, we must not be guided by a single sentence or member of a sentence, but look to the provisions of the whole law, and to its object and policy.") (quoting *United States v. Heirs of Boisdore,* 49 U.S. (8 How.) 113, 122, 12 L.Ed. 1009 (1850)). Specifically, it appears that Congress viewed attorneys as intermediaries able to bear the brunt of overreaching debt collection practices from which debtors and their loved ones should be protected. Section 1692c, for instance, covers "[c]ommunications in connection with debt collection." In regulating the ability of debt collectors to commence such communications, the Act is plainly concerned with harassment, deception, and other abuse. Accordingly, Congress sought to protect not just debtors themselves from illegal communications, but also others who would be vulnerable to the more sinister practices employed in the debt collection industry. Section 1692c(d), as explained above, thus defines "consumer" broadly to include a range of the debtor's relatives and fiduciaries. The conspicuous absence of the debtor's attorney from that otherwise extensive list is telling. It suggests that in approaching the debt collection problem, Congress did not view attorneys as susceptible to the abuses that spurred the need for the legislation to begin with, and that Congress built that differentiation into the statute itself. *See Zaborac v. Phillips & Cohen Assocs., Ltd.,* 330 F.Supp.2d 962, 967 (N.D.Ill.2004).

*Id.* at 935 (footnotes omitted). *Accord, Kropelnicki v. Siegel,* 290 F.3d 118, 127–28 (2d Cir.2002); *Marshall v. Portfolio Recovery Associates, Inc.,* 646 F.Supp.2d 770 (E.D.Pa.2009).

In *Sayyed v. Wolpoff & Abramson*, 485 F.3d 226, 232–33 (4th Cir.2007), the Fourth Circuit reached the opposite conclusion, holding that a letter from a debt collector to a debtor's attorney can be actionable under the FDCPA. To reach that conclusion, the *Sayyed* court relied on the fact that the Supreme Court, in *Heintz v. Jenkins*, 514 U.S. 291, 294, 115 S.Ct. 1489, 131 L.Ed.2d 395 (1995), had permitted a lawsuit arising out of a communication with a debtor's attorney to proceed. However, since the Supreme Court in *Heintz* did not address the issue of whether a communication by a debt collector to a debtor's attorney was actionable under the FDCPA, that Supreme Court decision does not support *Sayyed*, causing this Court to conclude that the Fourth Circuit's decision lacks persuasiveness. Rather, this Court finds the decision of the Ninth Circuit in *Guerrero* to be persuasive and will follow same. In *Evory v. RJM Acquisitions Funding LLC*, 505 F.3d 769 (7th Cir.2007), the Seventh Circuit also held that a letter from a debt collector to a debtor's attorney is actionable. As it did with *Sayyed*, this Court concludes that *Guerrero* is more persuasive and will be followed.

■ Accordingly, the Court overrules the Plaintiffs' Objections (Doc. #110) to the Report and Recommendations (Doc. #106) of the Magistrate Judge, as they relate to Kline's claim under the FDCPA against LS & R. The Court also sustains that Defendant's Motion to Dismiss (Doc. #18), as it relates to that claim. In addition, the Court, in the absence of an objection by Kline, will follow the recommendation of the Magistrate Judge and decline to continue to exercise supplemental jurisdiction over his state law claims of unjust enrichment and violations of the OCSPA, which are dismissed without prejudice.[3]

## 2. Jones and the Rosses

■ Judge Ovington recommended that this Court dismiss the FDCPA claims of Jones and the Rosses, because their sole remedies, for the alleged violations of that statute by LS & R, arise under the Bankruptcy Code and must be pursued in the bankruptcy court. Thus, without specifically so stating, the Magistrate Judge recommended that this Court conclude that the Bankruptcy Code impliedly repealed the FDCPA, in cases where the plaintiff's claim under the FDCPA arose out of actions that occurred during a bankruptcy proceeding. Judge Ovington placed primary reliance on *In re Rice–Etherly*, 336 B.R. 308 (Bankr.E.D.Mich.2006). *See* Doc. #106 at 8–9. Therein, the debtor filed an adversary proceeding in her case under Chapter 13 of the Bankruptcy Code, alleging that a debtor's counsel had violated the FDCPA by including a claim for attorney's fees in the proof of claim he filed on behalf

---

**3.** When a court dismisses a plaintiff's only claim over which it has original jurisdiction (i.e., a federal claim), for failure to state a claim upon which relief can be granted, it should decline to continue to exercise supplemental jurisdiction over the plaintiff's state law claims. *See e.g., Musson Theatrical, Inc. v. Federal Express Corp.*, 89 F.3d 1244, 1255–56 (6th Cir.1996) (noting that there is a strong presumption that District Court declines to continue to exercise supplemental jurisdiction over state law claims after it has dismissed federal claims pursuant to a 12(b)(6) motion).

Therefore, this Court has dismissed, without prejudice, rather than continuing to exercise supplemental jurisdiction over Kline's claims of unjust enrichment and for violations of the OCSPA. Below, the Court addresses the parties' arguments in support of and in opposition to LS & R's motion as it relates to those state law claims of Jones and the Rosses, because the Court continues to exercise supplemental jurisdiction over those claims, given that it has not dismissed their federal law claims under the FDCPA.

of his client.[4] The *Rice–Etherly* court, in turn, relied upon *Baldwin v. McCalla, Raymer, Padrick, Cobb, Nichols & Clark, L.L.C.,* 1999 WL 284788 (N.D.Ill.1999). Therein, the District Court sustained the defendant's motion to dismiss plaintiff's claim under the FDCPA, arising out of the proof of claim that defendant had filed in plaintiff's case under Chapter 13 of the Bankruptcy Code, concluding that the Bankruptcy Code precluded the plaintiff from pursuing a claim under the FDCPA, predicated upon actions occurring in a case under that Code. In other words, the District Court addressed the question of whether the Bankruptcy Code, the later passed statute, impliedly repealed the FDCPA, in cases where the plaintiff's claim under the FDCPA arose out of actions that occurred during a bankruptcy proceeding. *See Randolph v. IMBS, Inc.,* 368 F.3d 726, 730 (7th Cir.2004) (noting that "[w]hen two federal statutes address the same subject in different ways, the right question is whether one implicitly repeals the other—*and repeal by implication is a rare bird indeed*") (emphasis added). In *Carcieri v. Salazar,* —— U.S. ——, 129 S.Ct. 1058, 172 L.Ed.2d 791 (2009), the Supreme Court restated the principles which must be applied to ascertain whether one statute has impliedly repealed another:

> "We have repeatedly stated ... that absent 'a clearly expressed congressional intention,' ... [a]n implied repeal will only be found where provisions in two statutes are in 'irreconcilable conflict,' or where the latter Act covers the whole subject of the earlier one and 'is clearly intended as a substitute.'" *Branch v. Smith,* 538 U.S. 254, 273, 123 S.Ct. 1429, 155 L.Ed.2d 407 (2003) (plurality opinion) (quoting *Morton v. Mancari,* 417 U.S. 535, 551, 94 S.Ct. 2474, 41 L.Ed.2d 290 (1974), and *Posadas v. National City Bank,* 296 U.S. 497, 503, 56 S.Ct. 349, 80 L.Ed. 351 (1936)).

*Id.* at ——, 129 S.Ct. at 1068.

Herein, LS & R has not argued that there is an irreconcilable conflict between the Bankruptcy Code and the FDCPA. Moreover, there is no indication that the Bankruptcy Code, the later statute, covers the whole subject of the FDCPA and was clearly intended as a substitute. Indeed, LS & R has not cited a provision in the Bankruptcy Code which provides a remedy to a debtor whose rights under the FDCPA have been violated during a bankruptcy case under the Code. Moreover, such a provision of the Bankruptcy Code was not cited in either *Rice–Etherly,* the decision upon which that Defendant has relied, nor *Baldwin,* the decision upon which *Rice–Etherly* relied. In addition, the Seventh Circuit has held that the Bankruptcy Code did not impliedly repeal the FDCPA. *Randolph, supra. Randolph,* a consolidation of three appeals, arose out of the plaintiffs' claims that the defendants had violated the FDCPA by demanding the immediate payment of debts, after the plaintiffs had initiated cases under the Bankruptcy Code. This Court finds the decision and reasoning of the Seventh Circuit in Randolph to be persuasive and will follow same. Moreover, unlike the present litigation, Congress had provided the plaintiffs in *Randolph* an express remedy for the violation of the automatic stay, 11 U.S.C. § 362(k), which renders the case for implied repeal

---

4. The Magistrate Judge cited and briefly discussed a number of other decisions in which courts have reached the same result as that reached in *Rice–Etherly,* including *Baldwin v.* *McCalla, Raymer, Padrick, Cobb, Nichols & Clark, L.L.C.,* 1999 WL 284788 (N.D.Ill.1999), which is discussed in the text above. *See* Doc. # 106 at 9–10.

less persuasive in the instant litigation.[5] Additionally, courts in the Southern District of Ohio have reached the same result as the Seventh Circuit in *Randolph*. *Evans v. Midland Funding LLC*, 574 F.Supp.2d 808 (S.D.Ohio 2008) (per Dlott, Chief Judge); *In re Gunter*, 334 B.R. 900 (Bankr.S.D.Ohio 2005).

■ Based upon the foregoing, this Court concludes that the Bankruptcy Code did not impliedly repeal the FDCPA, in cases where the plaintiff's claim under the FDCPA arose out of actions that occurred during a bankruptcy proceeding. Accordingly, it rejects the Report and Recommendations of the Magistrate Judge to the extent that she recommended that the Court dismiss the FDCPA claims of Jones and the Rosses, because the Bankruptcy Code impliedly repeals their claims under that statute. Additionally, the Court overrules LS & R's Motion to Dismiss (Doc. # 18) to the same extent.

Having concluded that the FDCPA claims of Jones and the Rosses cannot be dismissed on the basis of the implicit repeal of that statute, the Court must rule on the branches of LS & R's Motion to Dismiss which the Magistrate Judge concluded were not necessary to address, to wit: 1) whether the FDCPA claims of the Rosses must be dismissed because they are barred by the applicable statute of limita-

tions; 2) whether Jones or the Rosses have stated a claim of unjust enrichment against LS & R; 3) whether liability can be imposed upon it as a "supplier" under the OCSPA; and 4) whether their requests for class action status of their claims under the OCSPA must be dismissed. As a means of analysis, the Court will address those arguments in the above order.[6]

■ *First,* LS & R argue that this Court must dismiss the Rosses claim under the FDCPA, because it is barred by the one-year statute of limitations contained in that statute, 15 U.S.C. § 1692k(d). In their Complaint, Plaintiffs allege that LS & R violated the FDCPA by filing proof of claim in their case under Chapter 13 of the Bankruptcy Code on May 9, 2007. *See* Doc. # 1 at ¶ 120. This litigation was initiated more than one year later, on November 10, 2008, more than one year after the proof of claim was filed. Without challenging the foregoing, the Plaintiffs argue that the Rosses' claim under the FDCPA is not barred, because the Defendants continue to collect illegal fees today. In their Complaint, Plaintiffs allege:

125. Unaware that such late fees and property inspections cannot legally be collected from borrowers, the Rosses have agreed to pay these amounts to

---

5. When the Seventh Circuit decided *Randolph*, that remedy was codified as § 362(h). A subsequent amendment to the Bankruptcy Code moved the remedy to § 362(k).

6. LS & R also argue that they are protected by absolute attorney immunity to the extent that Plaintiffs' claims are predicated on proofs of claim filed in bankruptcy proceedings. This Court rejects that argument, given that LS & R has cited no authority in support of that proposition. Moreover, based upon the decision by the Supreme Court that attorneys are debt collectors under the FDCPA (*Heintz v. Jenkins*, 514 U.S. 291, 115 S.Ct.

1489, 131 L.Ed.2d 395 (1995)), most circuits have held that the FDCPA applies to the actions of attorneys litigating debt collection matters. *Goldman v. Cohen*, 445 F.3d 152, 155 (2d Cir.2006); *Todd v. Weltman, Weinberg & Reis Co., L.P.A.*, 434 F.3d 432, 446 (6th Cir.2006); *Piper v. Portnoff Law Assocs., Ltd.*, 396 F.3d 227, 232 (3d Cir.2005); *Thomas v. Law Firm of Simpson & Cybak*, 392 F.3d 914, 917 (7th Cir.2004) (*en banc*); *Johnson v. Riddle*, 305 F.3d 1107, 1117 (10th Cir.2002); *Addison v. Braud*, 105 F.3d 223, 224 n. 1 (5th Cir.1997).

defendants, *who continue to seek them outside bankruptcy.*

Doc. # 1 at ¶ 125 (emphasis added).

In *Foster v. D.B.S. Collection Agency,* 463 F.Supp.2d 783 (S.D.Ohio 2006), Judge Algenon Marbley addressed and rejected the defendants' statute of limitations defense in an action under the FDCPA, which was similar to that presented by LS & R herein, writing:

Defendants' brief recitation of dates and applicable statutes of limitations is not sufficient to satisfy its burden in proving this affirmative defense. Defendants incorrectly assume that the filing dates for their underlying state court complaints were the last actionable events, and that the statute of limitations began to run on those filing dates. Defendants' actions after the state courts' judgments, however, such as collecting on the allegedly invalid state court judgments or garnishing class members' wages, could also be actionable events that are relevant for statute of limitations purposes. Defendants fail to explain to the Court why those are not actionable events for the relevant statutes of limitations.

*Id.* at 799. In *Purnell v. Arrow Financial Services,* 303 Fed.Appx. 297 (6th Cir.2008), the Sixth Circuit applied the decision of the Supreme Court in *Nat'l R.R. Passenger Corp. v. Morgan,* 536 U.S. 101, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002) to claims under the FDCPA, so that alleged violations of that statute occurring within the period of the statute of limitations were actionable, while those that did not were barred by the statute of limitations.[7] Thus, the *Purnell* court held that the defendant's alleged violations of the FDCPA, which had occurred not more than one year before the filing, were not barred by

the one-year statute of limitations set forth in § 1692k(d), unlike the alleged violations of that statute which occurred more than one year before that litigation was initiated.

Applying *Purnell* to the present litigation, this Court concludes that the Rosses' claim under the FDCPA against LS & R, predicated upon the proof of claim filed in their case under Chapter 13, must be dismissed as barred by the statute of limitations, since the proof of claim was filed more than one year before this litigation was initiated. However, the Court concludes that the aspect of the Rosses' claim under the FDCPA, based upon the emphasized allegation in ¶ 125 of the Plaintiffs' Complaint (Doc. # 1), is not so-barred, given that the Plaintiffs allege that the Defendants, including LS & R, *continue* to seek illegal late fees and the like outside of bankruptcy.

 *Second,* LS & R argues that the Plaintiffs have failed to state claims of unjust enrichment against it. In *Catlett v. Central Allied Enterprises, Inc.,* 2009 WL 2859223 (Ohio App.2009), the court restated the elements of a claim of unjust enrichment:

In order to recover under a theory of unjust enrichment, the following elements must be proved: (1) the plaintiff conferred a benefit upon the defendant, (2) the defendant had knowledge of the benefit, and (3) circumstances render it unjust or inequitable to permit the defendant to retain the benefit without compensating the plaintiff. *Hambleton v. R.G. Barry Corp.* (1984), 12 Ohio St.3d 179, 183, 465 N.E.2d 1298.

*Id.* at *2. *Accord, Obradovich v. Horvath,* 2009 WL 1856802 (Ohio App.2009); *Rogers v. National City Corp.,* 2009 WL 1622382 (Ohio App.2009). LS & R argues that the

7. *Morgan* applied that rule to discrete claims of discrimination under Title VII.

Plaintiffs have failed to state claims of unjust enrichment, because they have not alleged in their Complaint that they conferred a benefit on it. *See* Doc. # 18 at 16. In response, Plaintiffs argue that they have viable claims of unjust enrichment against LS & R, predicated upon the theory that it "repeatedly charged for fees, costs and expenses which it had no right to recover, and that each of those fees, costs and expenses was passed on to and paid by the plaintiff (sic)." Doc. # 77 at 13. However, missing from that argument, as well as from Plaintiffs' Complaint, is any assertion that Plaintiffs conferred benefits *on LS & R* as a result. Accordingly, the Court sustains LS & R's Motion to Dismiss (Doc. # 18), as it relates to Jones' and the Rosses' claims of unjust enrichment.

■ *Third,* LS & R argues that the Court must dismiss Plaintiffs' claims under the OCSPA, because it is not a supplier. That statute imposes liability on suppliers who engage in certain activities. *See* Ohio Rev.Code § 1345.02(A) and § 1345.03(A). Since Ohio courts have held that entities engaging in the collection of consumer debts are suppliers (*see e.g., Celebrezze v. United Research, Inc.,* 19 Ohio App.3d 49, 482 N.E.2d 1260 (1984)), District Courts in the Southern District of Ohio have routinely held that the OCSPA applies to attorney's engaging in debt collection. *See e.g., Wess v. Storey,* 2009 WL 2835371 (S.D.Ohio 2009) (per Watson, District Judge); *Lee v. Javitch, Block & Rathbone, LLP,* 484 F.Supp.2d 816, 821 (S.D.Ohio 2007) (per Beckwith, District Judge); *Williams v. Javitch, Block & Rathbone, LLP,* 480 F.Supp.2d 1016, 1024 (S.D.Ohio 2007) (per Beckwith, District Judge); *Foster v. D.B.S. Collection Agency,* 463 F.Supp.2d 783, 809 (S.D.Ohio 2006) (per Marbley, District Judge). *Accord, Midland Funding LLC v. Brent,* 644 F.Supp.2d 961 (N.D.Ohio 2009). Therefore, the Court rejects this proposition of LS & R in support of its Motion to Dismiss (Doc. # 18).

■ *Fourth,* under § 1345.09(B), a consumer may not maintain a class action for a violation of the OCSPA, unless "the violation was an act or practice declared to be deceptive or unconscionable by rule adopted under division (B)(2) of section 1345.05 of the Revised Code before the consumer transaction on which the action is based, or an act or practice determined by a court of this state to violate section 1345.02, 1345.03, or 1345.031 of the Revised Code and committed after the decision containing the determination has been made available for public inspection under division (A)(3) of section 1345.05 of the Revised Code." Herein, the Plaintiffs have not alleged that any of the asserted violations of the Ohio statute by LS & R also violated such a rule or court decision. In their Memorandum in Opposition, they have cited only an unreported decision by a District Court in Massachusetts, which they contend involved enjoining conduct under the Federal Trade Commission Act. *See* Doc. # 77 at 12. Since a District Court sitting in Massachusetts is not a court of Ohio, a decision by that court does not satisfy the predicate for bringing a class action under the OCSPA. Accordingly, this Court sustains the Motion to Dismiss (Doc. # 18), filed by LS & R, to the extent that Defendant sought dismissal of Plaintiffs' class action allegations as they relate to their claims under the OCSPA.

Based upon the foregoing, the Court sustains in part and overrules in part Plaintiffs' Objections (Doc. # 110) to the Report and Recommendations of the Magistrate Judge (Doc. # 106). Those Objections are overruled as they relate to the Magistrate Judge's recommendation that the Court dismiss Kline's claim under the

FDCPA, because that statute does not apply to a debt collector's communications with a debtor's attorney. Those Objections are sustained as they relate to the issue of whether the Bankruptcy Code implicitly repealed the FDCPA. The Court adopts the Report and Recommendations as they relate to Kline's claim under the FDCPA, as supplemented herein by this Court's reasoning and citations to authority, and rejects that judicial filing as it relates to issue of implicit repeal.[8] Accordingly, the Court sustains in part and overrules in part the Motion to Dismiss (Doc. # 18), filed by LS & R. That motion is sustained as it relates to Kline's claim under the FDCPA, the Rosses' claim under that statute, to the extent that it is based on the proof of claim filed in their case under Chapter 13 of the Bankruptcy Code, the Plaintiffs' breach of contract claims, Jones' and the Rosses' claims of unjust enrichment and the class action allegations relating to the claims of Jones and the Rosses' under the OCSPA. Otherwise, that motion is overruled.

As a result of the Court's rulings herein, the claims of Jones and the Rosses against LS & R, under the FDCPA and under the OCSPA, remain viable herein, although the Rosses' claim under the FDCPA is limited to the actions set forth in ¶ 125 of Plaintiffs' Complaint (i.e., that the Defendants, including LS & R, continue to seek to recover fees they cannot legally recover

outside bankruptcy). However, Jones and the Rosses will not be permitted to seek to certify their claim under the OCSPA as a class action.

### REPORT AND RECOMMENDATIONS [1]

SHARON L. OVINGTON, United States Magistrate Judge.

## I. INTRODUCTION

This matter is before the Court on a motion to dismiss filed by Defendant Lerner, Sampson & Rothfuss ["LS & R"] (Doc. # 18), as well as Plaintiffs' memorandum in opposition thereto (Doc. # 77), Defendant LS & R's reply memorandum (Doc. # 95), and the record as a whole.

## II. PROCEDURAL BACKGROUND/THE PARTIES' CLAIMS

On November 10, 2008, five individual Plaintiffs (Eugene Kline [2]; Jon Shayne Jones; Diana L. Hughes; and George and Carol Ross, presumably husband and wife), on behalf of themselves and "all others similarly situated," filed a putative class action complaint against multiple Defendants, setting forth federal claims under the Fair Debt Collection Practices Act ["FDCPA"], 15 U.S.C. § 1692 *et seq.;* the Truth in Lending Act, 15 U.S.C. § 1666d; and the Class Action Fairness Act, 28

---

**8.** The Court also adopts the Report and Recommendations relating to Plaintiffs' breach of contract claims and declining to continue to exercise supplemental jurisdiction over Kline's remaining state law claims. Given that the Court has concluded herein that the claims under the FDCPA of Jones and the Rosses remain at least partially viable, the Court rejects the recommendation that it decline to continue to exercise supplemental jurisdiction over their remaining state law claims.

**1.** Attached hereto is NOTICE to the parties regarding objections to this Report and Recommendations.

**2.** The Court notes that although Plaintiffs' opposing memorandum twice refers to both "Eugene and Constance Kline" or to "the Klines," plural, as Plaintiffs (*see* Doc. # 77 at 1), Plaintiffs' complaint does *not* name Constance Kline as a Plaintiff (*see* Doc. # 1), and their opposing memorandum also makes repeated references to "Eugene Kline" or "Kline" singularly as the relevant party. (Doc. # 77 at 4–5).

U.S.C. § 1332(d); as well as state law claims under the Ohio Consumer Sales Practices Act, Ohio Rev.Code § 1345.01 *et seq.;* and for breach of contract and unjust enrichment. (Doc. # 1). All Plaintiffs claim to have been owners of property secured by residential mortgages owned, held, serviced or otherwise controlled by Defendants, who allegedly "have engaged in misconduct in connection with the servicing of" those mortgages. (*Id.* at ¶ 3).

On February 2, 2009, Defendant Lerner, Sampson & Rothfuss, a law firm, became the first of many Defendants to move for dismissal of Plaintiffs' complaint in its entirety. (Doc. # 18). In support of its motion, LS & R offers documents from outside the pleadings that it nonetheless contends are appropriate for consideration on this motion to dismiss. (*See id.*, attached Exhs.). LS & R first argues that Plaintiffs Jones, Hughes and the Rosses have failed to state viable FDCPA claims against LS & R because their allegations are premised on proofs of claim filed by LS & R in relation to said Plaintiffs' Chapter 13 bankruptcy actions, as to which the Bankruptcy Code provides the exclusive remedy. (*Id.* at 11–12). In addition, LS & R urges that the one-year statute of limitations applicable to FDCPA claims lapsed prior to the filing of Plaintiffs' complaint as to any action premised on the proofs of claim filed in Hughes's and the Rosses' bankruptcy cases. (*Id.* at 12–13).

Asserting a distinctly different defense as to Plaintiff Kline's FDCPA claim, LS & R urges that such claim is not actionable against LS & R because the letters on which it is based were sent to Kline's counsel, not to Kline individually, and thus are not encompassed by the FDCPA's protections. (*Id.* at 13–15). LS & R further

notes that Plaintiffs have directed no Truth in Lending Act allegations against it (*id.* at 15), and argues that Plaintiffs' state law claims under the Ohio Consumer Sales Practices Act and for unjust enrichment and breach of contract are not cognizable as to LS & R. (*Id.* at 15–17). Finally, LS & R urges that as a debt-collection law firm, it is entitled to "absolute immunity" from the Jones's, Hughes's and Rosses' claims premised on unsworn court filings. (*Id.* at 18–19). LS & R thus requests that all named Plaintiffs' claims against it be dismissed in their entirety.

In opposing LS & R's dismissal request, Plaintiffs first assert that Plaintiffs Kline, Hughes and the Rosses all have presented cognizable FDCPA claims based on LS & R's efforts to collect attorneys fees from them, because "contracts for the payment of attorney's fees upon the default of a debt obligation are void and unenforceable" under Ohio law. (Doc. # 77 at 1, 2–5). Plaintiffs further urge that federal bankruptcy law does not "preempt" Plaintiffs Jones's, Hughes's and Rosses' FDCPA claims (*id.* at 5–7), and that the statute of limitations likewise does not bar their FDCPA claims, due to LS & R's continued efforts after the filing dates of the bankruptcy proofs of claim to collect the amounts stated in those documents. (*Id.* at 7–10).

Plaintiffs also urge that they have set forth viable state law claims under the Ohio Consumer Sales Practices Act and for unjust enrichment.[3] (*Id.* at 10–13). Finally, Plaintiffs contest LS & R's claim to absolute immunity for its role in filing bankruptcy proofs of claim. (*Id.* at 14). They ask that LS & R's motion to dismiss "be denied in all respects." (*Id.*).

---

**3.** Significantly, however, their opposing memorandum is silent as to the breach of contract claim. (*See* Doc. # 77).

LS & R's reply attempts to counter all points raised in Plaintiffs' opposing memorandum. (Doc. # 95). The firm first urges that Ohio law expressly does *not* prohibit contract provisions requiring defaulting borrowers to pay attorneys fees. (*Id.* at 2–5). Defendant then reiterates its position that the FDCPA does not apply to communications between attorneys. (*Id.* at 5). Clarifying its argument to be not that the Bankruptcy Code *preempts* the FDCPA, but rather that the bankruptcy court is the proper forum for resolving claims arising from bankruptcy proofs of claim, LS & R again asserts that such bankruptcy filings cannot provide a proper basis for a claim under the FDCPA. (*Id.* at 5–7). LS & R also challenges as contrary to a prior decision of this Court Plaintiffs' effort "to circumvent the FDCPA's one-year limitations period" by relying on continuing collection efforts as making their claims timely. (*Id.* at 7–9).

Additionally, LS & R again argues that the allegations of Plaintiffs' complaint simply do not satisfy the appropriate pleading standard as to their state law claims (*id.* at 10–12), and notes that Plaintiffs do not even attempt to defend the viability of their breach of contract claim as against LS & R. (*Id.* at 12). Finally, LS & R continues to advance its "absolute immunity" argument as to its bankruptcy filings. (*Id.* at 13–14). The firm again urges dismissal of Plaintiffs' entire complaint against LS & R.

## III. APPLICABLE STANDARD OF REVIEW

Fed.R.Civ.P. 12(b)(6) provides that a party may present by motion a defense that a particular claim for relief fails to state a claim upon which relief may be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. ——, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868, *cert. granted,* —— U.S. ——, 129 S.Ct. 2430, 2431, 174 L.Ed.2d 226 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," so "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly,* 550 U.S. at 555, 127 S.Ct. 1955). "[T]he Federal Rules do not require courts to credit a complaint's conclusory statements without reference to its factual context." *Id.* at 1954. "And Rule 8 does not empower [a plaintiff] to plead the bare elements of his cause of action, affix the label 'general allegation,' and expect his complaint to survive a motion to dismiss." *Id.*

In the end, determining whether a complaint states "a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950 (citation omitted).

## IV. DISCUSSION

### A. *FDCPA Claims*

The relevant provisions of the FDCPA state as follows, in pertinent part:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

\* \* \*

(2) The false representation of—
(A) the character, amount, or legal status of any debt; or

(B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.

\* \* \*

(5) The threat to take any action that cannot legally be taken . . .

15 U.S.C. § 1962e.

Plaintiffs' First Claim for Relief alleges that LS & R is a "debt collector" that, along with other Defendants, has "attempted to collect amounts for attorneys' fees, service of process fees, title fees, preliminary judicial reports, final judicial reports and other costs and fees from [P]laintiffs which were not owed, in violation of § 1962e." (Doc. # 1 at ¶¶ 128–29). Continuing, the complaint alleges that the stated Defendants in fact "have collected amounts" for such un-owed fees, and also have "routinely overcharg[ed] delinquent borrowers for fees and costs." (*Id.* at ¶¶ 130–31). The complaint does not elaborate further on the specific nature or source of Defendants' demands for payment.

In conjunction with its motion to dismiss, however, Defendant LS & R has produced copies of the documents that it claims provide the basis for Plaintiffs' claims herein. (*See* Exhs. attached to Doc. # 18). Plaintiffs' opposing memorandum seems neither to challenge the assertion that such documents accurately represent the writings underlying Plaintiffs' claims against LS & R, nor to contest the propriety of considering such documents in the context of a motion to dismiss. (*See* Doc. # 77). Indeed, the same memorandum implicitly concedes that Plaintiffs' causes of action are premised on LS & R's attempts to collect and/or actually collecting on the amounts reflected in certain documents thus produced. (*See, e.g., id.* at 5, 7).

As Defendant LS & R aptly notes, on a motion under Fed.R.Civ.P. 12(b)(6) to dismiss for failure to state a claim upon which relief may be granted, the reviewing court ordinarily is restricted to matters set forth within the pleadings. *See, e.g., Weiner v. Klais & Co.,* 108 F.3d 86, 89 (6th Cir.1997). Said Defendant's memorandum also accurately captures, however, the recognition by courts in this Circuit of exceptions to that general rule. *See, e.g., id.; Armengau v. Cline,* 7 Fed.Appx. 336, 344 (6th Cir.2001); *Brown v. City of Upper Arlington,* Case No. 2:08–CV–849, 2008 WL 4758689, at \*5 (S.D.Ohio Oct. 29, 2008) (McCann King, M.J.); *Kline v. HomEq,* Case No. 3:07–CV–084, at 6 (S.D.Ohio Nov. 25, 2008) (Rose, J.). Particularly in light of Plaintiffs' failure to seek to strike or to otherwise object to the documents produced in conjunction with Defendant LS & R's motion to dismiss, the Court concludes that such documents appropriately may be considered with respect to that motion.

1. *FDCPA claims based on amounts in bankruptcy proofs of claim*

LS & R contends that the alleged debt amounts on which Plaintiffs Jones's, Hughes's and Rosses' FDCPA claims against it are premised are those amounts memorialized in the proof of claim forms that LS & R filed as counsel on behalf of Defendants Wells Fargo and Mortgage Electronic Registration Systems [4] ["MERS"], mortgagees in said Plaintiffs' separate Chapter 13 bankruptcy proceedings. (Doc. # 18 at 9–10, 11). Defendant directs this Court to the decision in *In re Rice–Etherly,* 336 B.R. 308 (Bankr.

---

**4.** Apparently misidentified in the heading of Plaintiffs' complaint as "Mortgage Electronic Security [sic] Systems" (Doc. # 1 at 1), but correctly identified within the body of the complaint. (*Id.* at ¶ 14).

E.D.Mich.2006), as establishing that bankruptcy proofs of claim cannot provide a basis for maintaining an FDCPA claim.

The Chapter 13 debtor in *Rice–Etherly* initiated an adversary FDCPA claim against a law firm for filing a bankruptcy proof of claim alleged to include attorney fees and other amounts not recoverable under applicable state law. *Id.* at 311–12. The bankruptcy court there granted the law firm's motion to dismiss. *Id.* at 310. Although this case does differ in that Plaintiffs here did not attempt to pursue FDCPA claims within their bankruptcy proceedings, electing instead to file a separate FDCPA complaint in the district court, the rationale articulated in *Rice–Etherly* is no less apt. "The practice of debtors deliberately bypassing the Bankruptcy Code's objection process in favor of alternative litigation would undermine the entire bankruptcy system." *Id.* at 312–13. As such, a debtor should not be permitted to contest the amount of a bankruptcy proof of claim "by recasting it as a claim under the Fair Debt Collection Practices Act." *Id.* at 313.

While no other courts in this Circuit were found to have addressed precisely the same issue, similar rationale articulated by many other courts in many other jurisdictions—including some relied on by the court in *Rice–Etherly*—convince this Court that the FDCPA does not present the proper means for vindicating a debtor's rights as to improper amounts that a creditor sought to assess via a bankruptcy proof of claim filing. Particularly persuasive is the decision in *Baldwin v. McCalla, Raymer, Padrick, Cobb, Nichols & Clark, LLC,* No. 98 C 4280, 1999 WL 284788, at *4 (N.D.Ill. Apr. 26, 1999) (finding specifically "that the FDCPA does not apply to proofs of claim filed in bankruptcy proceedings," and dismissing an FDCPA complaint brought in district court on that

basis). *See also In re Varona,* 388 B.R. 705, 719 (Bankr.E.D.Va.2008) ("It appears a majority of courts that have considered whether a proof of claim may be the subject of a FDCPA violation have concluded the FDCPA is not intended to provide a remedy for claims filed in a bankruptcy proceeding"); *In re Gilliland,* 386 B.R. 622, 623–24 (Bankr.N.D.Miss.2008); *Kaiser v. Braje & Nelson, LLP,* No. 3:04–CV–405, 2006 WL 1285143, at *7 (N.D. Ind. May 5 2006) ("The bankruptcy court is not only an appropriate forum to contest the amount of a proof of claim … but also to seek costs for defending claims a debtor believes to be false"); *In re Abramson,* 313 B.R. 195, 198 (Bankr.W.D.Pa.2004) ("We agree with the numerous courts that have concluded that, once a debtor is in bankruptcy court, the debtor's remedies to attack an allegedly inflated proof of claim are limited to those provided for in the Bankruptcy Code"); *In re Cooper,* 253 B.R. 286 (Bankr.N.D.Fla.2000) (a debtor "can only attack a proof of claim in the bankruptcy court, and only by using the remedies provided in the Bankruptcy Code"); *Gray–Mapp v. Sherman,* 100 F.Supp.2d 810, 813 (N.D.Ill.1999) (as "[n]othing in either the Bankruptcy Code or the FDCPA suggests that a debtor should be permitted to bypass the procedural safeguards in the Code in favor of asserting potentially more lucrative claims under the FDCPA," and "nothing in the FDCPA suggests that it is intended as an overlay to the protections already in place in the bankruptcy proceedings," dismissal is warranted as to an FDCPA claim based on allegedly inflated proofs of claim filed in a bankruptcy case). After assessing the weight of authority and considering the opposing rationale, this Court chooses not to adopt the view of that minority of courts reflecting some disagreement with that conclusion. *See, e.g., Diamante v. Solomon & Solomon, PC,* No. 1:99CV1339,

2001 WL 1217226, at **3–6 (N.D.N.Y. Sept. 18, 2001).

The four subject Plaintiffs do not deny that the allegedly false representations on which their FDCPA action relies were those introduced via the bankruptcy proofs of claim, but nonetheless attempt to couch their claims as being based on efforts to *collect* on those filings, as distinguished from being based on the filings themselves. (Doc. # 77 at 7). Plaintiffs' parsing to that effect does not change the Court's impression as to the appropriate result, particularly because Plaintiffs' complaint identifies no specific instances of culpable conduct attributable to Defendant LS & R during the course of any collection efforts apart from LS & R's mere act of filing the contested bankruptcy proofs of claim. (*See* Doc. # 1); *see also Iqbal,* 129 S.Ct. at 1949–54.

Moreover, in a strikingly similar prior action brought by the Klines against two of the same Defendants named here, this Court previously rejected the argument that a debtor's payments on contested sums extend the running of the limitations' period beyond the date of the debt collector's objectionable communication. *See Kline v. HomEq,* Case No. 3:07–CV–084, at 6 (S.D.Ohio Nov. 25, 2008) (Rose, J.). In reconsidering and affirming the dismissal of that prior action, Judge Rose noted that "it must be some action of [the Defendant] that gives rise to the cause of action." *Id.* at 6. Aside from the filing the bankruptcy proof of claims—an action that we have found, *supra,* is not amenable to FDCPA challenge—no specific "action" by Defendant LS & R that could give rise to

FDCPA liability has identified by Plaintiffs here. Accordingly, Defendant LS & R's motion to dismiss Plaintiffs Jones's, Hughes's and Rosses' FDCPA claims as precluded[5] by the Bankruptcy Code is well taken.

Having so concluded, this Court need not analyze Defendant LS & R's additional arguments that Plaintiffs Hughes's and the Rosses' FDCPA claims based on bankruptcy proofs of claim all filed before May 19, 2007 also would be barred by the applicable one year statute of limitations[6] (*see* Doc. # 18 at 12–13), and that LS & R enjoys absolute immunity relative to the bankruptcy proofs of claim filed as to Jones, Hughes and the Rosses. (*Id.* at 18–19). Irrespective of those other defenses, those four Plaintiffs' FDCPA claims against Defendant LS & R stemming from proofs of claim that LS & R filed in Plaintiffs' bankruptcy cases should be dismissed with prejudice.

### 2. *FDCPA claims based on correspondence with debtor's counsel*

Also well taken is Defendant LS & R's argument that any supposedly false representations contained in correspondence between LS & R and Plaintiff Kline's counsel could not give rise to FDCPA liability because such representations were not conveyed by the debt collector to the individual consumer. (*See* Doc. # 18 at 13–15). In a well-reasoned opinion, the United States Court of Appeals for the Ninth Circuit held that the FDCPA does not apply to "communications directed solely to a debtor's attorney." *See Guerrero v. RJM Acquisitions LLC,* 499 F.3d 926, 934

---

**5.** The assertion in Defendant LS & R's reply that the issue is one of preclusion rather than one of *preemption* as suggested by Plaintiffs (*see* Doc. # 77 at) also is well taken. (*See* Doc. # 95 at 6–7); *see also, e.g., Randolph v. IMBS,* 368 F.3d 726, 730 (7th Cir.2004)

("One federal statute does not preempt another").

**6.** *But see Kline v. HomEq, supra* at 6, suggesting that such a statute of limitations defense would have merit.

(9th Cir.2007). Indeed, based on its survey of existing law, that Court stated that "[a]ll but one published federal decision to have given reasoned consideration to the question has determined that communications to a debtor's attorney are not actionable under the Act." *Id.* at 936 (citations omitted).

This Court finds the rationale underlying the *Guerrero* decision to be compelling, particularly the Ninth Circuit's observations that "when 'an attorney is interposed as an intermediary between a debt collector and a consumer, we assume the attorney, rather than the FDCPA, will protect the consumer from a debt collector's fraudulent or harassing behavior,' " *id.* at 937 (quoting *Kropelnicki v. Siegel,* 290 F.3d 118, 127–28 (2d Cir.2002)), and that applying the FDCPA's strictures "to communications sent only to a debtor's attorney" would frustrate the purposes of the Act, "particularly in the context of settlement negotiations," producing "a perverse result that Congress could never have intended." *Id.* at 938–39.

The primary thrust of Plaintiffs' opposing arguments as to this claim—*i.e.,* that Kline has stated a cognizable FDCPA claim because contracts for collection of attorney fees on default are "void and unenforceable" under Ohio law (Doc. # 77 at 1–5) (citing *Wilborn v. Bank One Corp.,* 121 Ohio St.3d 546, 906 N.E.2d 396 (2009))—simply offers nothing to counter Defendants' argument that efforts to collect even clearly prohibited fees are not actionable under the FDCPA if collection efforts are directed toward a debtor's attorney rather than to the debtor himself. (*See* Doc. # 18 at 13–15; Doc. # 95 at 5).

Equally unavailing is Plaintiffs' additional contention that Kline's claim "is not premised . . . on an alleged technical violation of the FDCPA based on improper verbiage in a letter, but is rather based on the repeated collection of fees and expenses which are absolutely prohibited from being passed onto borrowers under applicable law." (Doc. # 77 at 5). Despite their opposing memorandum's conclusory reference to recurring collection of prohibited sums, Plaintiffs' complaint once again fails to enumerate "sufficient factual matter" regarding Defendant LS & R's conduct in undertaking to collect purportedly proscribed fees from Plaintiff Kline to show any basis for liability separate and distinct from LS & R's collection-oriented communications to Kline's attorney. (*See* Doc. # 1 at ¶¶ 126–132); *see also Iqbal,* 129 S.Ct. at 1949. Again, as would seem evident, "it must be some action of [the Defendant] that gives rise to the cause of action." *Kline v. HomEq,* Case No. 3:07–CV–084 at 6. Plaintiffs' void of factual allegations as to any discrete improper "action" attributable to Defendant LS & R compels the Court to conclude that Plaintiff Kline's FDCPA claim against LS & R, too, must be dismissed.

### B. *Breach of Contract Claims*

Defendant LS & R moves to dismiss Plaintiffs' breach of contract claim against LS & R as "utterly meritless," observing that Plaintiffs' complaint nowhere alleges "that any written or unwritten agreements existed at any time" with LS & R, and affirmatively denying that any such agreement exists with any Plaintiff. (Doc. # 18 at 17).

Not only does even the most liberal reading of Plaintiffs' asserted Fifth Claim for Relief confirm that Plaintiffs' complaint sets forth no factual basis on which to find that a contractual relationship existed between LS & R and any Plaintiff (*see* Doc. # 1 at ¶¶ 145–147), but as LS & R's reply aptly notes (*see* Doc. # 95 at 12), Plaintiffs' opposing memorandum wholly omits to mention any purported reason as to why

Plaintiffs should be permitted to maintain a breach of contract claim against Defendant LS & R. (*See* Doc. # 77). Absent any plausible basis on the face of Plaintiffs' complaint for allowing a breach of contract claim to go forward against Defendant LS & R, the Court finds that dismissal of such claim is warranted as to that Defendant. *See Iqbal,* 129 S.Ct. at 1949.

## C. *Remaining Supplemental State Law Claims*

Pursuant to the applicable federal jurisdictional statute, "in any civil action of which the district courts have original jurisdiction," such courts "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). Nevertheless, a district court "may decline to exercise supplemental jurisdiction" when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3).

Having dismissed Plaintiffs' sole jurisdiction-conferring federal claim against this particular Defendant, this Court would be reluctant to assume supplemental jurisdiction over Plaintiff's remaining Ohio Consumer Sales Practices Act and unjust enrichment claims against LS & R. Choosing to extend discretionary jurisdiction would merely retain one additional Defendant in an action already replete with multiple Defendants possessing differing interests and alleged to have engaged in differing conduct, simply for purposes of resolving two state law claims more appropriately entrusted to Ohio courts better suited to interpret and apply their own state law. Accordingly, this Court should refrain from addressing the merits of those remaining state law claims, instead choosing to dismiss them without prejudice, due to declining to exercise supplemental jurisdiction.

**IT THEREFORE IS RECOMMENDED THAT:**

1. Defendant Lerner, Sampson & Rothfuss's motion to dismiss (Doc. # 18) be GRANTED pursuant to Fed.R.Civ.P. 12(b)(6) as to all individual Plaintiffs' claims against said Defendant set forth in their complaint's First and Fifth Claims for Relief *only,* and that Plaintiffs' corresponding Fair Debt Collection Practices Act and breach of contract claims (Doc. # 1 at ¶¶ 126–132, 145–147) be DISMISSED WITH PREJUDICE as against such Defendant *only;*

2. Defendant Lerner, Sampson & Rothfuss's motion to dismiss (Doc. # 18) be GRANTED pursuant to 28 U.S.C. § 1367(c)(3) as to all Plaintiffs' remaining supplemental state law claims against said Defendant set forth in their complaint's Third and Fourth Claims for Relief, and that Plaintiffs' corresponding Ohio Consumer Sales Practices Act and unjust enrichment claims (Doc. # 1 at ¶¶ 137–140, 141–144) be DISMISSED WITHOUT PREJUDICE as against such Defendant *only;*

3. The Clerk of Courts enter judgment in favor of Defendant Lerner, Sampson & Rothfuss *only* and against all Plaintiffs in accordance with the foregoing; and

4. This matter remain pending on the docket of this Court as to all claims against all other Defendants, and proceed in accordance with the established schedule.