Delores VILLEGAS, Plaintiff,

v.

WEINSTEIN & RILEY,
P.S., Defendant.

Civil Action No. 3:10–CV–304.

United States District Court,
M.D. Pennsylvania.

July 14, 2010.

Kenneth W. Pennington, Carlo Sabatini, Sabatini Law Firm, LLC, Dunmore, PA, for Plaintiff.

Lawrence G. Reinhold, Weinstein & Riley P.S., Akron, OH, for Defendant.

## MEMORANDUM

RICHARD P. CONABOY, District Judge.

Pending before the Court is the "Motion of Defendant Weinstein & Riley, P.S. to Dismiss for Failure to State a Claim Upon which Relief Can be Granted" (Doc. 17). Plaintiff initiated this action on February 9, 2 010, by filing her Complaint (Doc. 1) alleging that Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692. Specifically, Plaintiff claims Defendant violated the Fair Debt Collection Practices Act when it falsely threatened to sue Plaintiff. According to Plaintiff, Defendant communicated the threat indirectly through Plaintiff's attorney in the form of a settlement offer.

Defendant filed its Motion to Dismiss (Doc. 17) along with its supporting brief (Doc. 17–3) on June 4, 2010. On June 18, 2010, Plaintiff filed her Brief Opposing Defendant's Motion to Dismiss (Doc. 19). Defendant filed its reply brief on July 2, 2010 (Doc. 20), and therefore this matter is ripe for our disposition. For the reasons

discussed below, Defendant's motion to dismiss (Doc. 17) is granted.

## I. BACKGROUND

Plaintiff initiated this action on February 9, 2010, by filing her Complaint (Doc. 1) alleging that Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692. According to Plaintiff, after Plaintiff filed for bankruptcy, Defendant Weinstein & Riley, P.S., a company engaged in the business of collecting debts (Doc. 1 at 2), sent a letter to Plaintiff's bankruptcy counsel threatening to file a lawsuit in bankruptcy court asking the court to hold that a debt owed to Discover Bank was nondischargeable. (Doc. 19 at 2.) Plaintiff contends that Defendant offered to forego the threatened litigation if Plaintiff would settle the claim for a fixed sum. (*Id.*)

Shortly, thereafter, Defendant sent a substantively identical letter to Plaintiff's bankruptcy counsel making a similar threat and settlement offer regarding a different debt that was owed to FIA Card Services, N.A. (*Id.*) The Complaint does not allege that Defendant ever mailed any letters directly to Plaintiff. (Doc. 17 at 2.)

Plaintiff contends that Defendant knew that Plaintiff's bankruptcy counsel was ethically obligated to communicate the content of the letters to Plaintiff. (Doc. 19 at 2.) Plaintiff did not respond to either letter and Defendant never filed the threatened actions. (*Id.*)

On June 4, 2010, Defendant filed the present Motion to Dismiss (Doc. 17) along with its supporting brief (Doc. 17–3). On June 18, 2010, Plaintiff filed her Brief Opposing Defendant's Motion to Dismiss (Doc. 19). Defendant filed its reply brief (Doc. 20) on July 2, 2010, and therefore this matter is ripe for our disposition.

## II. LEGAL STANDARD

When deciding a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), the Court must accept as true all well-pleaded allegations and view them in the light most favorable to the plaintiff. *Angelastro v. Prudential–Bache Sec., Inc.*, 764 F.2d 939, 944 (3d Cir.1985). Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, a plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), meaning enough factual allegations " 'to raise a reasonable expectation that discovery will reveal evidence of' " each necessary element, *Phillips v. County of Allegheny,* 515 F.3d 224, 234 (3d Cir.2008) (*quoting Twombly,* 550 U.S. at 555, 127 S.Ct. 1955). "[T]he factual detail in a complaint [must not be] so undeveloped that it does not provide a defendant [with] the type of notice of claim which is contemplated by Rule 8." *Phillips,* 515 F.3d at 232.

In deciding a motion to dismiss, the Court should consider the allegations in the complaint, exhibits attached to the complaint, and matters of public record. *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.,* 998 F.2d 1192, 1196 (3d Cir.1993). The Court may also consider "undisputedly authentic" documents when the plaintiff's claims are based on the documents and the defendant has attached copies of the documents to the motion to dismiss. *Id.* The Court need not assume the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. W. Penn Power Co.,* 147 F.3d 256, 263 (3d Cir.1998), or credit a complaint's " 'bald assertions' " or " 'legal

conclusions,' " *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir.1997) (*quoting In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429–30 (3d Cir.1997)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal,* —— U.S. ——, 129 S.Ct. 1937, 1950, 173 L.Ed.2d 868 (2009).

When considering a Rule 12(b)(6) motion, the Court's role is limited to determining whether a plaintiff is entitled to offer evidence in support of his claims. *See Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). The Court does not consider whether a plaintiff will ultimately prevail. *See id.* A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim. *See Gould Elecs. v. United States*, 220 F.3d 169, 178 (3d Cir.2000).

## III. DISCUSSION

Defendant brought the present Motion to Dismiss alleging that Plaintiff's Complaint fails to state a claim upon which relief can be granted. For the reasons that follow, we will grant Defendant's Motion to Dismiss (Doc. 17).

According to Defendant, sending the letters at issue in this lawsuit to the attorney for the debtor rather than directly to the debtor Plaintiff was not a violation under the Fair Debt Collections Act ("the Act" or "FDCPA"). In support, Defendant points to cases from the Ninth Circuit, *Guerrero v. RJM Acquisitions LLC*, 499 F.3d 926 (9th Cir.2007), the Second Circuit, *Kropelnicki v. Siegel*, 290 F.3d 118, 127–28 (2nd Cir.2002), as well as cases from various district courts including those in the Eastern and Western Districts of Pennsylvania. *See Marshall v. Portfolio Recovery Associates, Inc.*, 646 F.Supp.2d 770 (E.D.Pa.2009) (O'Neil, J.); *Wright v. Phelan, Hallinan & Schmieg, L.L.P.*, Civ. No. 09–03538, 2010 WL 786536, 2010 U.S. Dist. LEXIS 21977

(E.D.Pa. March 8, 2010) (Baylson, J.); *Duraney v. Washington Mut. Bank, F.A.*, Civ. A. No. 07–13, 2008 WL 4204821, at *14 (W.D.Pa. Sept. 11, 2008) (holding that communications with counsel are not covered by the Act) (Cercone, J.)

Defendant argues that the United States Court of Appeals for the Ninth Circuit held that communications directed only to a debtor's attorney, and unaccompanied by any threat to contact the debtor, are not actionable under the Act. (Doc. 17–3 at 6) (*citing Guerrero v. RJM Acquisitions LLC*, 499 F.3d 926, 935–36 (9th Cir. 2007).) According to Defendant, *Guerrero*, 499 F.3d 926, sets forth that the Act as a whole suggests a congressional understanding that when it comes to debt collection matters lawyers and their debtor clients will be treated differently. (Doc. 17–3 at 3.) Defendant argues that Congress viewed attorneys as intermediaries able to bear the brunt of debt collection practices from which debtors should be protected. (Doc. 17–3 at 4.) In support, Defendant notes that Section 1692c(d) of the Act, in outlining the communications in connection with debt collection, defines "consumer" broadly to include a range of the debtor's relatives and fiduciaries. According to Defendant, the conspicuous absence of the debtor's attorney from the list suggests that in approaching the debt collection problem, Congress did not view attorneys as susceptible to the abuses that spurred the need for the legislation and that Congress built that differentiation into the statute itself. (Doc. 17–3 at 4 (*citing Zaborac v. Phillips & Cohen Assocs., Ltd.*, 330 F.Supp.2d 962, 967 (N.D.Ill.2004)).) Defendant asserts that the rationale behind this rule is because unsophisticated consumers are easily bullied and misled while trained attorneys are not. (Doc. 17–3 at 5.)

Defendant also cites to *Kropelnicki v. Siegel*, 290 F.3d 118, 127–28 (2nd Cir. 2002), where the Second Court noted:

> A review of the FDCPA's purpose, as explained both in the statute and in the legislative history, and this Court's treatment of the FDCPA in other cases leads us to believe that alleged misrepresentations to attorneys for putative debtors cannot constitute violations of the FDCPA.

(Doc. 17–3 at 7.)

In opposition, Plaintiff argues that settlement offers made to a lawyer are communications to a consumer because the lawyer is ethically obligated to convey the settlement offer to his client and therefore such communications are included under the FDCPA. (Doc. 19 at 5 (*citing* Pa. R. Prof. Conduct ¶¶ 1.2(a), 1.4(a)(1)).) Plaintiff argues that this view has been supported by both the Seventh and Fourth Circuits. *See Evory v. RJM Acquisitions Funding L.L.C.*, 505 F.3d 769 (7th Cir. 2007); *Sayyed v. Wolpoff & Abramson*, 485 F.3d 226 (4th Cir.2007). In *Evory*, the Seventh Circuit held:

> [I]f the debt collector knows that the consumer is represented by a lawyer, then (with immaterial exceptions) he may not communicate with the consumer directly. He must go through the lawyer. The lawyer receives the notice and shares it with, or explains it to, his client. Hence the debt collector is communicating with the consumer within the meaning of the Act, which defines "communication" as "the conveying of information regarding a debt directly or indirectly to any person through any medium." The lawyer is both "any person" and "any medium."

*Evory*, 505 F.3d at 773.

Plaintiff further argues that the Fourth Circuit in *Sayyed* reached the same conclusion, holding that "communication to debtor's counsel, regarding a debt collection lawsuit in which counsel is representing the debtor, plainly qualifies as an indirect communication to the debtor."[1] *Sayyed*, 485 F.3d 226, 232.

Furthermore, Plaintiff argues that the other cases offered by Defendant are distinguishable from the present matter. Plaintiff asserts that in *Schaffhauser v. Citibank (S.D.) N.A.*, 340 Fed.Appx. 128 (3d Cir.2009), the court did not address the issue at hand and merely addressed a statute of limitations claim and the Act's definition of "debt collector." Plaintiff does, however, acknowledge that the court did mention in a footnote that the issue at hand is "a serious question." *Id.* at n. 7.

Plaintiff next contends that in *Marshall v. Portfolio Recovery Associates, Inc.*, 646 F.Supp.2d 770 (E.D.Pa.2009), the court expressly declined to decide whether a communication between a debt collector and an attorney is subject to the Act. *Id.* at 775. Lastly, Plaintiff argues in *Kropelnicki*, 290 F.3d 118 (2d Cir.2002), the court expressly declined to issue a ruling on the issue. *Id.* at 128.

With regard to Defendant's reliance on *Guerrero*, 499 F.3d 926 (9th Cir.2007), Plaintiff argues that in that case the debt collector's communication to the attorney was not an attempt to collect the debt, instead, the debt collector "did little more than respond to [the] threat by [the] debt-

---

**1.** Plaintiff asserts that in reaching this decision, the *Sayyed* court considered *Heintz v. Jenkins*, 514 U.S. 291, 115 S.Ct. 1489, 131 L.Ed.2d 395 (1995), and found that it involved "a communication from a debt collection attorney to [the debtor's] counsel, not to [the debtor] herself. The Supreme Court held that [the debtor] had a cause of action under the Act on the basis of statements contained within the letter to her counsel." *Sayyed*, 485 F.3d at 233.

or's attorney." *Id.* Plaintiff argues that here the debt collector was not responding to a communication by the consumer's attorney, instead, the communication was initiated by the Defendant debt collector. (Doc. 19 at 9.)

Considering the parties' arguments and all relevant case law, we will grant Defendant's motion to dismiss (Doc. 17). As clearly demonstrated by the parties' arguments, there is a split of authority on the issue of whether communications with a debtor's attorney are actionable under the FDCPA.

As Defendant argues, the Court of Appeals for the Ninth Circuit has held that "communications directed solely to a debtor's attorney are not actionable under the Act." *Guerrero,* 499 F.3d at 934. This conclusion was based on two considerations: (1) a consumer and his attorney are not one and the same for the purposes of the Act which contains distinctions between these two entities; and (2) the purpose of the Act is to protect unsophisticated consumers from abusive collection practices, but attorneys act as intermediaries to bear the brunt of overreaching debt collection practices from which debtors and their loved ones should be protected. *Id.* at 935–937.

Likewise, in *Kropelnicki,* 290 F.3d 118 (2d Cir.2002), the Second Circuit noted in dicta that "[a] review of the FDCPA's purpose as explained both in the statute and in the legislative history, and this Court's treatment of the FDCPA in other cases leads us to believe that alleged misrepresentations to attorneys for putative debtors cannot constitute violations of the FDCPA." *Id.* at 127; *see also Schaffhauser v. Citibank (S.D.) N.A.,* 340 Fed.Appx. 128, 131 n. 7 (3d Cir.2009) (nonprecedential)(*citing Kropelnicki,* 290 F.3d 118, for the proposition that "there is a serious question whether communications between attorneys are subject to the FDCPA");

*Richmond v. Higgins,* 435 F.3d 825, 828 n. 4 (8th Cir.2006) (*citing Kropelnicki,* 290 F.3d 118, and collecting district-court cases indicating that the FDCPA does not apply to communications with debtor's attorneys).

On the other hand, as Plaintiff contends, the Court of Appeals for the Fourth Circuit has held that communications with a consumer's attorney fit within the statutory definition of "communication" as "the conveying of information regarding a debt directly or indirectly to any person through any medium.'" *Sayyed,* 485 F.3d 226, 232–33 (4th Cir.2007) (quoting § 1692a(2)).

Finally, the Court of Appeals for the Seventh Circuit, taking a somewhat different approach, has concluded that the Act does apply to communications with a consumer's attorney, but that such communications should be evaluated under a different standard than that employed when the communication is directed at the consumer (the least sophisticated debtor standard). *Evory,* 505 F.3d at 775 (7th Cir.2007). With respect to communications with a consumer's attorney, "we conclude that a representation by a debt collector that would be unlikely to deceive a competent lawyer, even if he is not a specialist in consumer debt law, should not be actionable." *Id.*

The Third Circuit Court of Appeals has not addressed this issue. However, as have other district courts within the Third Circuit, we find the reasoning of the courts in *Guerrero* and *Kropelnicki* more persuasive than the court in *Sayyed,* and therefore reject the rationale of *Sayyed.* As the court in *Guerrero* observed the *Sayyed* court: (1) did not acknowledge the great weight of authority holding to the contrary; (2) relied upon the implicit assumption that the Supreme Court resolved this issue in *Heintz* because the communication

in that case was sent to the consumer's attorney, but that fact was not addressed by anyone; and (3) found support in § 1692c(a)(2) that actually cuts in the opposite direction, demonstrating that the Act contemplates different roles for and different treatment of attorneys and their clients. *Guerrero*, 499 F.3d at 938; *Duraney*, 2008 WL 4204821, at *14.

Further, despite Plaintiff's arguments to the contrary, the case law outlined by Defendant where courts have taken a similar approach is applicable to this matter and is persuasive. As Defendant contends, the court in *Duraney*, 2008 WL 4204821, at *14, found "the reasoning of the courts in *Guerrero* and *Kropelnicki* more persuasive than that of the court in *Sayyed*." In *Marshall v. Portfolio Recovery Associates, Inc.*, 646 F.Supp.2d 770 (E.D.Pa.2009), the court, adopting the reasoning of *Duraney*, 2008 WL 4204821, at *14, found "that communications between debt-collectors and consumer's attorneys are not subject to the 'least sophisticated consumer standard of the FDCPA. . . . The majority of courts have held that communications between debt-collectors and consumer's attorney are not subject to the FDCPA." In *Wright*, 2010 U.S. Dist. LEXIS 21977 at *23, a case with similar facts as the present matter, the Eastern District of Pennsylvania granted defendant's motion to dismiss finding that under either the rationale of *Guerrero* and *Kropelnicki*, or the "competent lawyer" standard of *Evory*, plaintiff's FDCPA claim is not actionable.

Finally, despite Plaintiff's claim that the Second Circuit in *Kropelnicki*, 290 F.3d 118, declined to issue a ruling on the issue, as noted above, in dicta, the court did note that misrepresentations to attorneys cannot constitute violations of the FDCPA. *Id.* at 127.

■ In applying the rationale from *Guerrero* and *Kropelnicki*, we find Plaintiff does not have an actionable claim un-

der the FDCPA in this case. The letters in this case were sent only to Plaintiff's counsel. Plaintiff does not claim to have received it through any other channel. The letters were not addressed to Plaintiff, nor did they contain any threat to contact Plaintiff directly. *See Wright*, 2010 U.S. Dist. LEXIS 21977 at *19 (*citing Guerrero*, 499 F.3d at 936)..

■ As the Second Circuit in *Kropelnicki* explained, "[w]here an attorney is interposed as an intermediary between a debt collector and a consumer, we assume the attorney, rather than the FDCPA, will protect the consumer from a debt collector's fraudulent or harassing behavior." 290 F.3d at 128. Like the court in *Wright*, 2010 U.S. Dist. LEXIS 21977 at *21, we fail to see how this reasoning would no longer apply when, as here, a debtor's attorney receives and shares with the debtor a communication from a debt collector that is of interest to the debtor.

Moreover, applying the Seventh Circuit's "competent lawyer" standard, Plaintiff's claims still fail. The Seventh Circuit in *Evory* noted that the re may be circumstances where false representations in communications with a consumer's attorney are actionable:

A false claim of fact in a dunning letter may be as difficult for a lawyer to see through as a consumer. Suppose the letter misrepresents the unpaid balance of the consumer's debt. The lawyer might be unable to discover the falsity of the representation without an investigation that he might be unable, depending on his client's resources, to undertake. Such a misrepresentation would be actionable whether made to the consumer directly, or indirectly through his lawyer.

505 F.3d at 775.

We find that the present case does not involve these circumstances. The letters in question concerned possible settlement

of claims pursuant to 11 U.S.C. § 523(a)(2), and arose in a pending bankruptcy proceeding. As Defendant argues, the letters in question simply advised the attorney for the debtor that the Defendant debt collection agency believed that the debt might be non-dischargeable and it would like to settle the matter if the attorney for the debtor did not believe that there was a defense to the claim under 11 U.S.C. § 523(a)(2). We find these circumstances are not the type of communication that would be actionable under the *Evory* "competent lawyer" standard.

We find that under either the rationale of *Guerrero,* 499 F.3d 926, and *Kropelnicki,* 290 F.3d 118, or the "competent lawyer" standard of *Evory,* 505 F.3d 769, Plaintiff does not have an actionable claim under the FDCPA in this case. Therefore, we find, accepting as true all the facts alleged in the complaint, Plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570, 127 S.Ct. 1955.

## IV. CONCLUSION

For the reasons discussed above, the Motion of Defendant Weinstein & Riley, P.S. to Dismiss for Failure to State a Claim Upon which Relief Can be Granted (Doc. 17) is granted. This case will be closed. An appropriate Order follows.

### *ORDER*

AND NOW THIS *13th* day of July 2010, for the reasons discussed in the accompanying Memorandum, it is hereby Ordered that Defendant's Motion to Dismiss for Failure to State a Claim Upon which Relief Can be Granted (Doc. 17) is GRANTED. The Clerk of Court is directed to close this case.