GREGORY, Circuit Judge,
dissenting in part:
I agree with the majority that Sawyer cannot be liable under the FDCPA because the debt it obtained was not yet in default. But I believe that Ramsay’s complaint plausibly alleges that the language stamped by Tapper on the court orders was false, misleading, or deceptive. See 15 U.S.C. § 1692e. I therefore respectfully dissent in part.
The material facts are these:
1) The underlying document in question was a court order, representing a direct communication from the court to a debtor.
2) A debt collector affixed the following statement near the top of the order: THIS COMMUNICATION IS FROM A DEBT COLLECTOR. IT IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.
Under the FDCPA, Ramsay need not prove “an intentional or knowing violation on the part of the debt collector to recover damages[.]” Russell v. Absolute Collection Servs., Inc., 763 F.3d 385, 389 (4th Cir.2014). She need only show that the message misstated or at the very least sowed confusion about the nature and/or source of the document.
To that end, Sawyer has plausibly alleged that the stamp was deceptive or misleading to the least sophisticated consumer. See United States v. Nat’l Fin. Servs., Inc., 98 F.3d 131, 136 (4th Cir.1996) (observing that the “least-sophisticated-consumer standard” protects “the gullible as well as the shrewd”) (quoting Clomon v. Jackson, 988 F.2d 1314, 1318 (2d Cir.1993)). The least sophisticated consumer is not well-versed in legal language, forms, and formalities. When a conspicuous statement appears on the top of a document and declares it is “from a debt collector,” a gullible consumer will likely believe the message, or at least be puzzled by it. As this case demonstrates, the costs of resulting consumer inaction are severe, including arrest, detention, and the collateral consequences that follow.
Tapper’s stamped language is also plainly false. The majority opinion avers that the stamp is accurate because Tapper “originated the communications by supplying the necessary information and taking steps to ensure that the orders were entered by the court.” Regardless of whether Tapper had to fill out information on the forms, a court order signed by a judge is not a communication between a debt collector and consumer as understood by the FDCPA. Instead, a court order is expressly a communication between the court and debtor, directing the debtor to *211 appear or perform some action. See Black’s Law Dictionary 1128 (7th ed.1999) (defining “order” as “[a] written direction or command delivered by a court or judge”); Sayyed v. Wolpoff & Abramson, 485 F.3d 226, 229-30 (4th Cir.2007) (relying on the plain meaning of the FDCPA to interpret its terms). Tapper cites nothing in the statutory text or legislative history to suggest otherwise.
It is true that this Court has left open the question whether certain types of legal forms like interrogatories served by debt collectors are communications that require disclosure language similar to Tapper’s stamp under 15 U.S.C. § 1692e(ll). See Sayyed, 485 F.3d at 235 n. 2. An interrogatory, however, is a different legal species than a court order. An interrogatory is a set of written questions prepared by a party and submitted to any opposing party in a lawsuit as part of discovery. See Fed.R.Civ.P. 33. An order, by contrast, is a command directly from the court. Nothing in the statutory text of the FDCPA, or legislative history cited by the parties, suggests that an order could be considered a communication from a debt collector triggering the disclosure requirement.
A debt collector who violates the Act’s terms in good faith can nonetheless prevail, but it bears the burden to prove the affirmative defense that “(1) it unintentionally violated the FDCPA; (2) the violation resulted from a bona fide error; and (3) it maintained procedures reasonably adapted to avoid the violation.” Russell, 763 F.3d at 389 (citing 15 U.S.C. § 1692k(c)). Had the district court denied the motion to dismiss, as I believe was the proper course of action, such a defense would have remained available to Tapper.
For these reasons, I respectfully dissent.